# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS FRUNGILLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-108 |
| BRADFORD REGIONAL AIRPORT OPERATING, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Thomas Frungillo's motion for reconsideration of a prior Order, entered on March 12, 2018, that dismissed without prejudice Plaintiff's claim under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §951 *et seq.,* against Defendant Bradford Regional Airport Authority (the "Authority" or "Defendant").[1] Plaintiff asserts that, because the Court had diversity jurisdiction over his PHRA claim against the Authority, the Court erred when it declined, pursuant to 28 U.S.C. §1367(c)(3), to exercise jurisdiction over that claim.

For the following reasons, the Court concludes that Plaintiff's motion is well taken. Accordingly, the Court will vacate the March 12, 2018 Order and the accompanying Judgment Order insofar as they dismissed the Plaintiff's PHRA claim against the Authority.

### I. BACKGROUND

Plaintiff is a former employee of the Authority who was terminated from his position as Airport Director in September of 2014. Following his termination, Plaintiff filed this

---

[1] The Order in question was entered by the Honorable Barbara Rothstein. The case was transferred to the undersigned on September 17, 2018.

1

employment discrimination lawsuit, asserting various claims under the Americans with Disabilities Act (the "ADA"), 29 U.S.C. §12101, *et seq.*, the PHRA, and the Family Medical Leave Act (the "FMLA"), 29 U.S.C. §2601 *et seq.*. Plaintiff's amended, operative pleading included claims under the foregoing statutes and named as Defendants two groups of entities, *i.e.*: the "County Defendants," which included Cameron County, Elk County, and Warren County; and the "Airport Defendants," which included the Authority as well as Bradford Regional Airport Operating and the Bradford Airport Advisory Board. It was Plaintiff's contention, among other things, that he was a "joint employee" of both the County Defendants and the Airport Defendants and that these Defendants wrongfully terminated his employment shortly after—and in retaliation for—his taking FMLA leave.

Following the close of discovery, both the County Defendants and the Airport Defendants independently moved for summary judgment. The County Defendants argued that Plaintiff was employed solely by Airport Defendants. The Airport Defendants argued, among other things, that Plaintiff was employed solely by the Authority and that the Authority was not an "employer" within the scope of the FMLA or ADA because, at the time of Plaintiff's termination, the Authority had fewer than 15 employees. Plaintiff did not (and does not) dispute that an entity is subject to the requirements of the FMLA only if it employs 50 or more employees, 29 U.S.C. §2611(2)(A)-(B), and is subject to the requirements of the ADA only if it employs 15 or more employees, 42 U.S.C. §12111(4)-(5)(A). Thus, Plaintiff acknowledged in his summary judgment brief that, if the County and Airport Defendants were not his "joint" employers, then the Authority alone could not be held liable under the FMLA or the ADA.

In rendering its summary judgment ruling, the Court framed the central issue as a question of joint employment. The Court then determined that the County Defendants and

2

Airport Defendants were not joint employers and that Plaintiff was instead employed solely by the Authority. Based on this determination, the Court ruled that the FMLA and ADA claims against the County Defendants, the Bradford Regional Airport Advisory Board and Bradford Regional Airport Operating were subject to dismissal because those entities were not the employer or "joint employers" of the Plaintiff. The Court also dismissed the ADA and FMLA claims against the Authority, as there was no dispute that the Authority had employed fewer than 15 employees at the time of Plaintiff's termination. Having thus dismissed the federal claims, the Court then indicated that it was declining to exercise supplemental jurisdiction over Plaintiff's remaining PHRA claims and dismissed those claims without prejudice.

Plaintiff now argues that the Court's dismissal of the PHRA claims was improper inasmuch as the Court had original jurisdiction over those claims pursuant to 28 U.S.C. §1332. The point is important because, unlike the FMLA or ADA, the PHRA requires only that an employer have four or more employees. *See* 43 Pa. Stat. Ann. §954(b). Because the Authority employed approximately 8 to 10 employees at the time of the challenged employment decision, *see* ECF No. 45 at Page 4 of 30; ECF No. 47-30 at ¶37, the Authority is subject to the requirements of the PHRA. Notwithstanding this, the Authority maintains that the Court's dismissal of the PHRA claims was within the bounds of its discretion and that reconsideration of that decision is unwarranted.

**II.   DISCUSSION**

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the

3

litigants.'" *Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

In this case, the Court dismissed Plaintiff's PHRA claims pursuant to §1367(c)(3), stating that "the parties have not articulated specific reasons for the [C]ourt to entertain the PHRA claim[s] in the absence of a federal cause of action." ECF No. 64 at 14 (internal quotation marks and citation omitted) (alterations in the original). Based on a review of the March 12, 2018 Order and relevant parts of the record, it appears that, in invoking 28 U.S.C. §1367(c)(3), the Court inadvertently overlooked the apparent existence of diversity jurisdiction,[2] which independently provided a basis for the Court to exercise original subject matter jurisdiction over Plaintiff's PHRA claims. Because §1367(c)(3) applies only where a court "has dismissed all claims over which it has original jurisdiction," invocation of that statute was erroneous in the context of this litigation.

In order to prevail on a motion for reconsideration, the movant must generally show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available at the time the judgment in question was rendered; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.,* 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Bootay v. KBR, Inc.*, 437 F. App'x 140,

---

[2] Plaintiff's Amended Complaint – the operative pleading – alleges that Plaintiff is a citizen of Florida, all Defendants are citizens of Pennsylvania, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* ECF No. 11, ¶¶2-5 and *ad damnum* clause. Thus, the Amended Complaint facially establishes the existence of subject matter jurisdiction based on diversity of citizenship, and Defendant does not contend otherwise.

4

146-47 (3d Cir. 2011) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "A motion for reconsideration is not to be used to relitigate or 'rehash' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made." *Nyamekye v. Mitsubishi Elec. Power Prod., Inc*., No. CV 17-852, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018) (citations omitted). Thus, in order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. *Id.* (citing *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003)).

Notwithstanding this formidable standard, the Court concludes that reconsideration is appropriate in this case. As noted, the prior dismissal of Plaintiff's PHRA claim against the Authority seems to have been the result of an inadvertent failure to consider the existence of diversity jurisdiction. The apparent existence of diversity jurisdiction renders §1367(c)(3) facially inapposite, and a dismissal of the state law claims under the auspices of that statute unfairly prejudices Plaintiff who, at best, must be deprived of his chosen forum and, at worst, may be deprived of a cause of action altogether to the extent the applicable statute of limitations has lapsed. As Plaintiff points out, federal appellate courts have not hesitated to reverse district courts in situations where the latter dismiss claims for lack of subject matter jurisdiction without considering the potential existence of diversity jurisdiction. *See, e.g., Amerson v. American Nat'l Ins. Co.,* 117 F. App'x 360, 360 (5th Cir. Dec.16, 2004) (*per curiam*); *Hines v. Benavides,* No. 87-2119, 852 F.2d 565 (4th Cir. 1988) (*per curiam*) (unpublished Table Opinion) (holding that court erred in dismissing the case for want of jurisdiction without first considering plaintiffs' motion to cure the jurisdictional defect by dropping consortium claim that involved nondiverse plaintiff); *Foxford Inv. Co. v. Hatch,* No. 97-15646, 129 F.3d 125 (9th Cir. 1997) (unpublished

5

Table Opinion) (reversing district court's dismissal of case for lack of diversity jurisdiction and ruling that plaintiff should have been given an opportunity to amend the complaint in order to cure any jurisdictional defects). Consequently, on balance, this Court is left with the "definite and firm conviction that a mistake has been committed," and/or a jurisdictional basis for Plaintiff's state law claim has been overlooked. Moreover, failure to correct this error will potentially result in a manifest injustice to Plaintiff.

In arguing against reconsideration, Defendant maintains that Plaintiff waived his right to raise diversity jurisdiction as a basis for non-supplemental jurisdiction by failing to explicitly address the issue in his summary judgment brief. This argument is unpersuasive. Even assuming for the sake of argument that the inadvertent dismissal of a claim under §1367(c)(3) is in the nature of a procedural defect that is capable of being waived, the record here does not support such a waiver. In particular, the record shows that: (a) Plaintiff pleaded the existence of diversity jurisdiction in both his original and amended complaints; (b) the propriety of a §1367(c)(3) dismissal of the PHRA claims was not explicitly addressed in the Defendants' opening summary judgment brief and, therefore, was never squarely at issue when Plaintiff filed his reply; and (c) Plaintiff filed his motion to reconsider the dismissal just days after judgment was entered in this case and within eleven days following entry of the March 12, 2018 Order. Notably, Defendant appears to acknowledge in its brief that its waiver argument presents a "novel issue in the Third Circuit." ECF No. 69 at 3 n.2. Absent more persuasive facts, this Court is disinclined to find that Plaintiff waived his right to prosecute his PHRA claims in this forum.

Defendant next argues that it will be prejudiced if the Court entertains reconsideration of the March 12, 2018 dismissal Order. Defendant reasons that, if Plaintiff had raised this issue in

6

his summary judgment brief, Defendant would have had the opportunity to respond in its subsequent reply brief. Defendant further objects that, in light of Plaintiff's ongoing wage loss claim, its potential exposure has grown as the result of Plaintiff's failure to assert diversity jurisdiction earlier in the summary judgment proceedings.

Again, Defendant's argument is unpersuasive. Nothing prevented the Authority from addressing the propriety of a §1367(c)(3) dismissal in its summary judgment briefs, and this is especially true given that diversity jurisdiction was clearly pled in Plaintiff's Amended Complaint. Moreover, while Defendant laments its lost opportunity to address the issue, it does not indicate what jurisdictional arguments, if any, it would have mounted in support of a §1367(c)(3) dismissal, particularly in light of the fact that Defendant does not appear to dispute the existence of diversity jurisdiction.[3] The Court further finds that any potential prejudice the Defendant may suffer upon reinstatement of the PHRA claim is not "unfair" and is seemingly outweighed by the prejudice that Plaintiff will suffer if reconsideration is denied. If this Court reconsiders the March 12, 2018 dismissal and reinstates the PHRA claim, the Authority will merely have to defend in this forum a claim that Plaintiff could have pursued in state court. On the other hand, if reconsideration is denied, Plaintiff will be denied his chosen forum. As discussed, Plaintiff even may be deprived of a cause of action altogether if it is determined that the applicable statute of limitations has lapsed.

### III. CONCLUSION

Based upon the foregoing reasons, Plaintiff's motion for reconsideration will be granted. In addition, the Order of March 12, 2018 (ECF No. 64) and the corresponding Order of

---

[3] Perhaps the Authority would simply have relied more heavily on its merits-based defenses to the PHRA claims, but those defenses were already raised in the Airport Defendants' summary judgment papers; the Court simply declined to reach them.

Judgment (ECF No. 65) will be vacated insofar as they relate to Plaintiff's PHRA claim against the Bradford Regional Airport Authority. Finally, this civil action will be reopened, and Plaintiff's PHRA against the Authority will be reinstated for further proceedings consistent with this Memorandum Opinion.

        An appropriate Order follows.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge